# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                              **MEMORANDUM OF LAW & ORDER**
                                Criminal File No. 6-104 (MJD)
                                Civil File No. 13-1707 (MJD)

(1) LEMARC JOHN HARRELL,

    Defendant/Petitioner.

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff.

Lemarc John Harrell, pro se.

## I. INTRODUCTION

This matter is before the Court on Petitioner's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 64]; Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 65]; and Government's Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 69].

## II. BACKGROUND

Petitioner Lemarc John Harrell pled guilty to Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).  On January 18, 2007, this Court sentenced Harrell to 108 months in custody.  The Court entered an Amended Sentencing Judgment on January 23, 2007.  [Docket No. 39]  On February 21, 2007, a Satisfaction of Monetary Imposition was filed, reflecting that Harrell had paid the restitution amount of $24,082.00 in full, as well as the $100.00 special assessment.  [Docket No. 43]  Harrell did not appeal.

On December 6, 2007, the Court entered judgment regarding the Final Order of Forfeiture.  [Docket No. 56]  Harrell did not appeal.

In October 2008, Harrell filed a Pro Se Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c).  [Docket No. 57]  On January 7, 2009, the Court denied that motion.  [Docket No. 59]  Harrell did not appeal.

On July 1, 2013, Harrell filed the current Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 64] and Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 65].

### III. HARRELL'S § 2255 PETITION

#### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

B.  **Petitioner's Stated Grounds for Relief**

Harrell asserts four grounds for relief. First, he argues that his offense level should have been lowered based on the Court's Final Order of Forfeiture amount. Second, he argues that the safety valve should have been applied to reduce his offense level. Third, he asserts that he was entitled to a lower offense level based on U.S.S.G. § 2D1.1(b)(11) and acceptance of responsibility. Fourth, he argues that his sentence was erroneous because the he was sentenced before Satisfaction of Monetary Imposition was filed, reflecting his payment, in full, of the restitution amount. Harrell asserts that he only recently became aware of the option of filing a § 2255 petition on these grounds.

C.  **Timing**

A one-year statute of limitations applies to petitions under § 2255:

The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

None of the four available grounds apply to permit Petitioner's current habeas petition.

### 1. Date on Which the Judgment of Conviction Became Final

The Amended Criminal Judgment in this case was entered on January 23, 2007. [Docket No. 39] Harrell did not file a direct appeal. His judgment became final on February 7, 2007, the date on which the ten-day period for filing a notice of appeal expired. Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Petitioner had one year, until February 7, 2008, to file his § 2255 petition. He has missed that deadline by more than five years.

### 2. Date on Which a Government Impediment Was Removed

Harrell does not allege any Government impediment to his ability to file the § 2255 petition.

### 3. Date on Which a Right Was Newly Recognized by the Supreme Court and Made Retroactively Applicable to Cases on Collateral Review

Harrell does not assert a basis for his § 2255 petition that arises from a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

### 4. Date on Which the Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence

Harrell's § 2255 petition appears to be based on three sets of facts: those known, at the latest, at the date of sentencing judgment, January 23, 2007; facts known, at the latest, by the date of the filing of the Satisfaction of Monetary Imposition: February 21, 2007; and facts known, at the latest, by the date of the entry of judgment on the Final Order of Forfeiture, December 6, 2007. Even starting the one-year time period on December 6, 2007, Harrell's § 2255 petition is more than four years past the deadline.

### 5. Equitable Tolling

Equitable tolling may be available when extraordinary circumstances exist, beyond the petitioner's control, that would justify equitable tolling and the petitioner has acted with due diligence in pursuing his petition. See Byers v.

United States, 561 F.3d 832, 836 (8th Cir. 2009). Harrell has not pointed to any such circumstances here.

### 6. Petitioner's Habeas Petition Is Untimely

Because Harrell filed his § 2255 Petition more than one year after the latest of the dates listed in § 2255(f) and equitable tolling does not apply, the petition is untimely and must be dismissed.

### IV. APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

Harrell has also filed an application to proceed in district court without prepaying fees or costs. There is no filing fee for a § 2255 petition. See, e.g., United States v. Garcia, 164 F. App'x 785, 786 (10th Cir. 2006). Because the Court has denied Harrell's petition, there is no further possibility of fees in the proceeding before this Court. There is no need for in forma pauperis status. Therefore, the Court denies the application as moot.

### V. CERTIFICATE OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack

v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 64] is **DENIED**.

2. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 65] is **DENIED AS MOOT**.

3. Government's Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 69] is **GRANTED**.

4. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2013     s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court